IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DENNIS PECK, YVETTE TAYLOR, TAYADRA CABBELL, KATHLEEN RETZ ADAM and JAMES SCHREINER on behalf of themselves and all other similarly situated,<br><br>           Plaintiffs,<br><br>       v.<br><br>FCA US LLC f/k/a CHRYSLER GROUP LLC,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 17-1789 (MN)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM ORDER**

In this proposed class action, Plaintiffs Dennis Peck ("Peck"), Yvette Taylor, Tayadra Cabbell, Kathleen Retz Adam, and James Schreiner (collectively, "Plaintiffs") allege that Defendant FCA US LLC f/k/a Chrysler Group LLC ("the Defendant") concealed a known safety defective in a valve stem and nut used on vehicles with a tire pressure monitoring system. Based on this allegation, Plaintiffs have asserted claims for violation of the New Jersey Consumer Fraud Act (Count 1), breach of the implied warranty of merchantability under Michigan, Massachusetts, and Illinois state law (Counts 2, 5, and 8), deceptive and unfair practices in violation of the Consumer Protection Acts of Massachusetts and Illinois (Counts 3-4, 6-7), and common law fraud by concealment (Count 9). (D.I. 86 ¶¶ 138-217).

Currently pending before the Court is Defendant's Motion to Find Dennis Peck Inadequate to Represent Class (D.I. 60) and Defendants' Motion to Partially Dismiss Plaintiffs' Second Amended Class Action Complaint (D.I. 90). For the following reasons, both Motions are denied.

Defendant asks the Court to find Peck inadequate because he did not appear for his deposition as noticed, reach an agreement with Defendant to reschedule it, or obtain a protective order. (D.I. 61 at 3). The parties' dispute over Peck's deposition comes down to whether it should occur in Delaware, where Peck filed his claims, or in Michigan where Peck lives. Rather than filing a motion to compel, Defendants have opted to file a motion asking the Court to find Peck inadequate.

To obtain class certification, a plaintiff must establish all four elements of Rule 23(a) along with one subpart of Rule 23(b). FED. R. CIV. P. 23. Under Rule 23(a), a plaintiff must show, among other things, that the class representative "fairly and adequately" represents the interests of the class. *Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 527 (3d Cir. 2004). Thus, Defendant's motion is best characterized as one seeking denial of class certification. The Court, however, has set a schedule where class certification discovery closes on January 29, 2021, and the motion for class certification is due by March 1, 2021. (D.I. 97). Accordingly, Defendant's motion to find Peck inadequate is denied as premature.

As for Defendant's motion to dismiss, the Court has already considered and rejected these arguments. Specifically, on September 10, 2019, Plaintiffs sought leave of the Court to file a second amended complaint. (D.I. 58). Defendant submitted a brief in opposition, arguing that amendment would be futile. (D.I. 74, D.I. 76). The Court rejected that argument and granted leave to amend. (D.I. 84). The summary of the argument in Defendant's opposition to the amendment and the summary of the argument in Defendant's motion to dismiss are verbatim the same. (*Compare* D.I. 76 at 1; D.I. 91 at 1). There is no reason for the Court to revisit arguments it has already considered and rejected except in the context of a Motion for Reargument (*see* Del.

L. R. 7.1.5), which Defendant has not filed, and which would be untimely if Defendant filed now. Accordingly, Defendant's motion to dismiss is denied.

NOW, THEREFORE, at Wilmington this 4th day of November 2020, it is HEREBY ORDERED that:

1. Defendant's Motion to Find Dennis Peck Inadequate to Represent Class (D.I. 60) is **DENIED**; and

2. Defendants' Motion to Partially Dismiss Plaintiffs' Second Amended Class Action Complaint (D.I. 90) is **DENIED**.

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge